IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN FOLSE and
OSCAR R. OREJEL,

    Plaintiffs,

vs.                                                No. CIV 17-0387 JB/SMV

D'ANGELO CHAPARO WILSON;
AARON VIGIL and
DEPARTMENT OF CORRECTIONS,

    Defendants.

## MEMORANDUM OPINION AND ORDER DISMISSING PLAINTIFF KEVIN FOLSE'S CLAIMS

**THIS MATTER** comes before the Court on Plaintiff Kevin Folse's Complaint, filed March 29, 2017 (Doc. 1)("Complaint"). The Court will dismiss Folse's Complaint under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, and under rule 41(b) for failure to prosecute and to comply with the Court's Order to Show Cause, filed November 2, 2017 (Doc. 3)("Show Cause Order").

## FACTUAL AND PROCEDURAL BACKGROUND

Folse, proceeding pro se, filed the Complaint in this case on March 29, 2017, asserting claims for violation of civil rights under 42 U.S.C. § 1983. See Complaint ¶ 1, at 1. In the Complaint, Folse seeks to bring claims on his own behalf and on behalf of his co-Plaintiff, Oscar R. Orejel. See Complaint ¶ 3, at 2. With respect to himself, Folse alleges:

> Plaintiff Kevin Folse is and was at all times mentioned herein a prisoner of the State of New Mexico in the custody of the New Mexico Department of Corrections. He is currently legally representing Oscar Orejel and is also confined in the Penitentiary of New Mexico. . . .
>
> At all times relevant to this case, Plaintiffs Kevin Folse and Oscar Orejel lived in the same unit, 3.B.V.pod. . . .

> The unprofessionalism at P.N.M. has made it difficult for Oscar to follow the (P.L.R.A.) "Prison Litigation Reforms Act", therefore, I Kevin Folse will represent Oscar, I've taken all precautionary steps to prevent all deadlines & will continue to do so.

Complaint ¶¶ 3, 8, 10, at 2, 4, 6. Folse requests "the Declaratory Amount of $400,000 and Injunctive Relief which Punitively Qualifies for $50,000." Complaint ¶ 16, at 9.

In the Complaint, Folse states "after receiving notification of this lawsuit making it to the Court, Folse will file the $350.00 filing fee. Enclosed is the $50.00 filing fee to begin the process." Complaint ¶ 12, at 7. The Court docket indicates that Folse was notified of the Court's receipt of this lawsuit. The record also reflects that the Court did not receive $50.00 from Folse when the Complaint was filed. Nor did Folse submit the $350.00 filing fee to the Court. Folse made reference to proceeding "informa poperis [sic]," Complaint ¶ 12, at 7, but did not file any application to proceed without prepayment of fees and costs under 28 U.S.C. § 1915(a).

On November 2, 2017, the Court entered its Show Cause Order. See Show Cause Order at 1. The Court noted that the Plaintiffs are prisoners in the State of New Mexico's custody at the Penitentiary of New Mexico. See Complaint ¶¶ 3, 4, at 2. The Prison Litigation Reform Act, 28 U.S.C. § 1915(b), states: "[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner *shall be required to pay the full amount of the filing fee.*" 28 U.S.C. § 1915(b)(emphasis added). The Court ordered Folse, as well as Orejel, to show cause, within twenty-one days of the Show Cause Order's entry, why the Court should not dismiss this proceeding for failure to pay the required fees, or to submit an application to proceed without prepayment of fees or costs. The Court also notified the Plaintiffs that, if they failed to show

cause within twenty-one days, the Court may dismiss this proceeding without further notice.  See Show Cause Order at 2.

Retained counsel entered an appearance on Orejel's behalf on November 13, 2017, and paid the filing fee for this proceeding.  See Notice of Entry of Appearance at 1, filed November 13, 2017 (Doc. 4).  Orejel's counsel has also filed an Amended Complaint on Orejel's behalf.  See First Amended Complaint for Oscar Orejel at 1, filed November 20, 2017 (Doc. 5).  Folse has not responded to the Court's Show Cause Order.  The Court will now dismiss only Folse's claims, pursuant to rules 12(b)(6) and 41(b).  The Court's ruling does not affect the claims that Orejel brings in this case.

## **LEGAL STANDARDS FOR FAILURE TO STATE A CLAIM**

Folse is proceeding pro se on civil rights claims under 42 U.S.C. § 1983. The Court has the discretion to dismiss a pro se complaint sua sponte for failure to state a claim upon which relief may be granted as rule 12(b)(6) provides.  Under rule 12(b)(6), the court must accept all well-pled factual allegations, but not legal conclusions, and it may not consider matters outside the pleadings.  See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989).  The court may dismiss a complaint under rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged."  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Oklahoma Dep't of Human Services, 925 F.2d 363, 365 (10th Cir. 1991)).  A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.  A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief.  See Bell Atlantic Corp. v. Twombly, 550 U.S. at 570.

In reviewing a pro se complaint, the Court liberally construes the factual allegations.  See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).  A pro se plaintiff's pleadings are judged, however, by the same legal standards that apply to all litigants, and a pro se plaintiff must abide by the court's applicable rules.  Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994).  The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of the pro se litigant's advocate.  See Hall v. Bellmon, 935 F.2d at 1110.

In deciding whether to dismiss a complaint, in whole or in part, the court should consider whether to allow a plaintiff an opportunity to amend the complaint.  Pro se plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings.  See Reynoldson v. Shillinger, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless amendment would be futile.  See Hall v. Bellmon, 935 F.2d at 1109. An amendment is futile if the amended claims would also be subject to immediate dismissal under the rule 12(b)(6) standards.  See Bradley v. Val-Mejias, 379 F.3d 892, 901 (10th Cir. 2004).

## THE LAW GOVERNING SECTION 1983 CLAIMS

Plaintiff Folse's Complaint asserts deprivations of civil rights by the Defendants in violation of the Fourth, Eighth, and Fourteenth Amendments to the Constitution of the United States of America.  See Complaint ¶ 9, at 4-5.  42 U.S.C. § 1983 is the exclusive vehicle for vindication of substantive rights while seeking damages under the Constitution.  See Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); Albright v. Oliver, 510 U.S. 266, 271 (1994)(stating that § 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights that the Constitution establishes).  The Court therefore construes Folse's claims for violation of rights under the Constitution as civil rights claims

brought under 42 U.S.C. § 1983.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by state government officials acting under color of law that result in a deprivation of rights that the United States Constitution secures.  See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). There must be a connection between the official conduct and a violation of a constitutional right.  Conduct that is not connected to a constitutional violation is not actionable under § 1983.  See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability.  A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A plaintiff must allege some identified official's personal involvement in the alleged constitutional violation to succeed under § 1983.  See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008). In a § 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in original).

## ANALYSIS

The Court concludes that Folse fails to state any claim for relief.  Further, Folse is prohibited from representing other plaintiffs.  Accordingly, the Court will dismiss Folse's Complaint.

I.      **FOLSE FAILS TO STATE ANY CLAIM FOR RELIEF.**

Folse identifies himself as a Plaintiff in the Complaint.  See Complaint ¶ 3, at 2.  Folse also seeks "the declaratory amount of $400,000 and injunctive relief which punitively qualifies

for $50,000," and he states that he "will accept settlement through negotiation." Complaint ¶ 16, at 9. The Complaint makes no factual allegations, however, of any claims on Folse's behalf. Instead, Folse alleges that "he is currently legally representing Oscar Orejel" and "the unprofessionalism at P.N.M. has made it difficult for Oscar to follow the (P.L.R.A.) 'Prison Litigation Reforms Act' therefore I, Kevin Folse will represent Oscar." Complaint ¶ 10, at 6.

Folse does not state any plausible claim for § 1983 relief. See Ashcroft v. Iqbal, 556 U.S. at 676; Bell Atlantic Corp. v. Twombly, 550 U.S. at 570. The Complaint does not allege that any official acted in violation of Folse's constitutional rights. See Fogarty v. Gallegos, 523 F.3d at 1162; Robbins v. Oklahoma, 519 F.3d at 1249-50. Nor do his allegations that officials violated Orejel's rights state any claim for relief on Folse's behalf, and Folse lacks standing to recover for any alleged injury to Orejel. See Warth v. Seldin, 422 U.S. 490, 498-99 (1975); Dohaish v. Tooley, 670 F.2d 934, 937 (10th Cir. 1982). Further, because the Complaint is devoid of any allegations showing even a possibility that Folse might have a claim for relief, the Court determines that allowing Folse an opportunity to amend the Complaint would be futile. See Bradley v. Val-Mejias, 379 F.3d at 901. The Court will dismiss Folse's claims with prejudice and without leave to amend.

## II.     FOLSE IS PROHIBITED FROM REPRESENTING OTHER PLAINTIFFS.

Folse has been filing documents with the Court in which he purports to be acting as Orejel's representative. See Complaint ¶ 10, at 6. A pro se litigant may bring his or her own claims to federal court without counsel, but may not bring others' claims or act on others' behalf. Although a pro se litigant has the right to assert his or her own claims, he cannot represent or act for other plaintiffs, because "the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" Fymbo v. State Farm Fire and Casualty Co., 213 F.3d 1320, 1321

(10th Cir. 2000)(quoting <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975)). The law does not permit Folse to represent anyone other than himself in federal court proceedings. Folse is prohibited from representing Orejel, or any person other than himself, or filing any documents on another's behalf in this Court.

**III.     ALTERNATIVELY, THE COURT WILL DISMISS THE COMPLAINT UNDER RULE 41(B).**

On November 2, 2017, the Court ordered Folse to show cause why the Court should not dismiss his case. <u>See</u> Show Cause Order at 2. Folse has not responded to the Show Cause Order. The Court may dismiss an action under rule 41(b) for failure to prosecute, to comply with the Federal Rules of Civil Procedure, or to comply with court orders. <u>See</u> <u>Olsen v. Mapes</u>, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Although Orejel has paid the full filing fee for this proceeding, the Court may still dismiss Folse's claims for failure to comply with the Show Cause Order and for failure to prosecute this proceeding. The Court will dismiss this proceeding under both rule 41(b) and rule 12(b)(6).

**IT IS ORDERED** that (i) Plaintiff Kevin Folse is prohibited from representing Plaintiff Oscar R. Orejel or any person other than himself, or filing any documents on another's behalf in this Court; and (ii) Plaintiff Kevin Folse's Complaint, filed March 29, 2017 (Doc. 1), and all claims and causes of action asserted by Folse, are dismissed with prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kevin Folse
Penitentiary of New Mexico
Santa Fe, New Mexico

  *Plaintiff pro se*

Tyler J. Atkins
Samuel H. Walker
Atkins & Walker, P.C.
Albuquerque, New Mexico

  *Attorneys for Plaintiff Oscar R. Orejel*